IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DOCTORS HOSPITAL OF AUGUSTA, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GREGORY B. WATSON | ) ) |
| Defendant. | ) ) |

CIVIL ACTION

FILE NO.: CV 102-04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Gregory B. Watson ("Mr. Watson") files this Notice of Removal in the United States District Court for the Southern District of Georgia, Augusta Division, and invokes its jurisdiction over this matter on the following grounds:

1.

This suit was commenced on February 7, 2002, by the filing of the original Summons and Complaint in the Superior Court of Richmond County, Georgia, styled *Doctors Hospital of Augusta, Inc. v. Gregory B. Watson*, Civil Action No. 2002-RCCV-95 ("Complaint"). Attached hereto as Exhibit "A" are copies of all process, and pleadings served upon Mr. Watson in such action.

2.

This case is subject to removal under 28 U.S.C. § 1332.

3.

The Complaint alleges that Plaintiff is a citizen and resident of Richmond County, Georgia. (Complaint, par. 2).

4.

Mr. Watson is a resident of South Carolina. (Complaint, par. 1.).

5.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days after receipt by Mr. Watson, through service or otherwise, a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based.

6.

Plaintiff's Complaint includes a demand for judgment in excess of $75,000.00.

7.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (a) because complete diversity exists between the parties and the amount in controversy open-ended and potentially exceeds $75,000.00.

8.

By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Mr. Watson hereby gives notice of such removal to Plaintiff.

Wherefore, Defendants pray that this Court take cognizance and jurisdiction over this claim from the Superior Court of Richmond County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. 1332.

*(Signatures on following page)*

Respectfully submitted,

_____
James K. Creasy
Georgia Bar No. 194862

Attorney for Defendant

DREW ECKL & FARNHAM. LLP
880 West Peachtree Street
P.O. Box 7600
Atlanta, Georgia 30357
(4040 885-1400

739546/1
7597 51270

## CERTIFICATE OF SERVICE

I have served this NOTICE OF REMOVAL, with supporting papers, upon all parties by U.S. Mail, with proper postate prepaid, and addressed as follows:

> N. Kenneth Daniel, Esq.
> 2907 Professional Parkway
> Augusta, Georgia 30907

This 14th day of March, 2002.

> James K. Creasy
> Georgia Bar No. 194862
>
> Attorney for Defendant

DREW ECKL & FARNHAM, LLP
880 West Peachtree Street
P.O. Box 7600
Atlanta, Georgia 30357
(404) 885-1400

675194/1
0603 50186

Case 1:02-cv-00044-DHB   Document 1   Filed 03/15/02   Page 5 of 18

## IN THE SUPERIOR/STATE COURT OF RICHMOND COUNTY

### STATE OF GEORGIA

B 1 ⋅ ⋅

CIVIL ACTION, 2002-RCCV-95
NUMBER

DOCTORS HOSPITAL OF AUGUSTA, INC.
PLAINTIFF

VS.

GREGORY B. WATSON

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

N. Kenneth Daniel, 2907 Professional Parkway, Augusta, GA 30907

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of February , 2002 , 19____ .

Clerk of Superior/State Court

By _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used

SECOND ORIGINAL

IN THE SUPERIOR COURT OF RICHMOND COUNTY,

STATE OF GEORGIA

| | |
|---|---|
| DOCTORS HOSPITAL OF AUGUSTA, INC., | ) <br> ) CIVIL ACTION NO. 2002-RCCV-95 |
| Plaintiff | ) |
| v. | ) |
| GREGORY B. WATSON, | ) COMPLAINT FOR MONETARY |
| Defendant | ) JUDGMENT |

Now comes the Plaintiff pleading against the Defendant and hereby files this its complaint for relief and in support thereof shows unto the Court the following:

1. The Defendant is a resident of the State of South Carolina and may be served with summons and process at his residence which is on Oaks Road, Port Royal, Beaufort County, South Carolina.

2. The Plaintiff, Doctors Hospital of Augusta, Inc. (hereinafter "Doctors Hospital"), owns and operates a hospital in Richmond County, Georgia. The hospital owned by the Plaintiff includes a burn treatment unit which specializes in the care and treatment of burn injuries.

3. This is a complaint by the Plaintiff to collect an indebtedness owed by the Defendant as a result of inpatient hospital care and treatment provided by the Plaintiff to the Defendant at the Plaintiff's hospital in Richmond County, Georgia. Accordingly, jurisdiction and venue are proper in this Court.

4. On September 20th, 2001, the Defendant received severe and disabling burns while in the

course and scope of his employment for his employer, People Gas & Appliance, Inc. The Defendant sustained these burns when a propane tank exploded causing the Defendant to suffer burns to a large portion of his total body surface area, particularly including his abdomen, legs and thighs. Following the Defendant's initial injuries, the Defendant was transported to Memorial Medical Center in Savannah, Georgia where the patient was stabilized and then transported to the burn center at Doctors Hospital of Augusta for specialized burn treatment.

5. On September 20th, 2001, the Defendant was admitted to the burn unit at Doctors Hospital of Augusta where he remained an inpatient in the acute care burn center until November 22, 2001. Total charges for the Defendant's inpatient care and treatment during this hospitalization amounted to $1,018,403.11.

6. Following Mr. Watson's November 22nd discharge from the acute care burn center at Doctors Hospital, Mr. Watson was transferred to and readmitted to a rehabilitation unit at Doctors Hospital where he remained an inpatient between November 22nd, 2001, the date of his rehabilitation admission, and December 12th, 2001, the date of his discharge. Total inpatient charges for Mr. Watson's initial rehab hospitalization amounted to $34,016.44. On December 14th, Mr. Watson was readmitted to the rehab unit and again remained an inpatient until December 16th, 2001. Total charges accrued for this second rehab hospitalization in the amount of $13,848.06.

7. Total charges for all of the Defendant's hospitalizations at Doctors Hospital amount to $1,066,267.61.

8. To date, total payments have been made on the Defendant's initial, acute care inpatient hospital account, in the amount of $827,639.81, leaving a balance presently due on this account in the amount of $190,763.30. In addition to the balance due on the Defendant's initial, acute inpatient account, no payments have been made on either of the Defendant's rehabilitation accounts and an

additional balance of $47,882.50 remains due on those two accounts.

9. The balance due on the Defendant's hospital accounts became due and owing on January 6, 2002. These accounts are liquidated accounts and statutory interest has and will continue to accrue on these accounts on and after January 6, 2002 at the rate of 1.5% per month or 18% per annum.

10. The Defendant is indebted to the Plaintiff and the Plaintiff is entitled to judgment against the Defendant in the amount of $238,645.80, together with interest accruing thereon as hereinabove provided.

11. The Defendant's failure to satisfy the outstanding balance due on this hospital account evidences the Defendant's bad faith and stubborn litigiousness, thereby entitling the Plaintiff to collect, in addition to all amounts due, all attorney's fees and expenses of this litigation incurred by the Plaintiff.

WHEREFORE, the Plaintiff prays that it have judgment against the Defendant in the amount of $238,645.80, together with such statutory interest as may accrue thereon as provided in the Plaintiff's complaint, as well as all attorney's fees and expenses of litigation incurred by the Plaintiff in collecting these monies due, together with such other and further relief as to the Court seems just and proper.

This 6th day of February, 2002.

N. KENNETH DANIEL
Attorney for Plaintiff

2907 Professional Parkway
Augusta, Georgia 30907
(706) 860-3747
State Bar No. 204250

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DOCTORS HOSPITAL OF AUGUSTA, INC.<br><br>  Plaintiff,<br><br>vs.<br><br>GREGORY B. WATSON<br><br>  Defendant. | )<br>)<br>)  CIVIL ACTION<br>)<br>)  FILE NO.: 2002-RCCV-95<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND DEFENSES OF DEFENDANT GREGORY B. WATSON

COMES NOW Defendant Gregory B. Watson, a defendant in the above-styled civil action, in response to Plaintiff Doctors Hospital of Augusta, Inc.'s Complaint as follows:

### FIRST DEFENSE

This Defendant asserts that some or all of the claims asserted by Plaintiff in the Complaint fail to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no legal duty owed to Plaintiff in regard to this matter.

### THIRD DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant asserts the defense of improper venue and lack of personal jurisdiction.

### FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant asserts the defense of estoppel and waiver.

## FIFTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant asserts the defenses of payment, and accord and satisfaction.

## SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant states that he is not the real party in interest in this case.

## SEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant states that Plaintiff has failed to sue a necessary party.

## EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant states that Plaintiff's action is barred under the applicable workers' compensation laws.

## NINTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant asserts the defense of insufficiency of process and service of process.

## TENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant states that Plaintiff's claim for attorney's fees and costs against this Defendant is invalid as a matter of law.

## ELEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, this Defendant states that Plaintiff's claim for pre-judgment interest is invalid as a matter of law.

## TWELFTH DEFENSE

Defendant shows that to the extent Plaintiff has asserted claims unsupported by applicable law, and at a time when Plaintiff has been horribly injured and disabled, Plaintiff will have liability for attorneys fees and for infliction of emotional distress.

## THIRTEENTH DEFENSE

This Defendant shows that Plaintiff's suit on the alleged account at issue violates and contravenes the public policy of Georgia.

## FOURTEENTH DEFENSE

This Defendant responds to the individually-numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and can neither admit nor deny same.

3.

This Defendant admits he received medical treatment for burns sustained in a workplace accident. This Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, and specifically denies any allegation or inference of liability contained therein.

4.

This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits that he was admitted to Plaintiff's burn unit on or about September 20, 2001, and remained in inpatient care until on or about November 22, 2001, but neither admits nor denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint. This Defendant further denies all inferences or allegations of liability contained therein, and places Plaintiff on strict notice that Defendant is not responsible for any alleged hospital charges as a matter of law.

6.

This Defendant admits that he was transferred to and admitted to Plaintiff's rehabilitation unit on or about November 22, 2001, and remained there until on or about December 12, 2001, when he was discharged, and that he was readmitted to the rehab unit on or about December 14, 2001, and remained there until on or about December 16, 2001. This Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and further denies all inferences or allegations of liability contained therein. This Defendant places Plaintiff on strict notice that Defendant is not responsible for any alleged hospital charges as a matter of law.

7.

This Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as pled, and specifically denies all inferences or allegations of liability contained therein.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and can neither admit nor deny same. This Defendant specifically denies all inferences or allegations of liability

contained therein.

9.

This Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, and specifically denies all inferences or allegations of liability contained therein.

10.

This Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, and specifically denies all inferences or allegations of liability contained therein.

11.

This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint, and specifically denies all inferences or allegations of liability contained therein.

12.

This Defendant denies that Plaintiff is entitled to the damages alleged in Plaintiff's prayer for relief.

13.

Any allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise responded to above are hereby denied.

## JURY TRIAL DEMAND

**THIS DEFENDANT DEMANDS TRIAL BY TWELVE (12) JURORS.**

WHEREFORE, having fully answered, Defendant Gregory B. Watson prays for dismissal of Plaintiff's Complaint, that this Defendant be henceforth discharged without liability, with all costs, taxed against Plaintiff and for such other and further relief as the Court deems just and proper.

Respectfully submitted.

DREW ECKL & FARNHAM, LLP

_____
Hall F. McKinley, III
Georgia Bar No: 495512

_____
Andrew D. Horowitz
Georgia Bar No: 367815

Attorneys for Defendant

P.O. Box 7600
880 W. Peachtree Street
Atlanta, GA 30357-0600
(404) 885-1400

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

DOCTORS HOSPITAL OF AUGUSTA, )
INC. )
 ) CIVIL ACTION
     Plaintiff, )
 ) FILE NO.: 2002-RCCV-95
vs. )
 )
GREGORY B. WATSON )
 )
     Defendant. )

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served opposing counsel with a copy of the within and foregoing ANSWER AND DEFENSES OF DEFENDANT GREGORY B. WATSON by depositing same in the U.S. Mail in a properly addressed envelope with sufficient postage affixed thereon, addressed to the following:

          N. Kenneth Daniel, Esq.
          2907 Professional Parkway
          Augusta, Georgia 30907

This 14th day of March, 2002.

                                            Andrew D. Horowitz

P.O. Box 7600
880 W. Peachtree Street                      Attorney for Defendant
Atlanta, GA 30357-0600
(404) 885-1400

737463/1
0001.10001

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DOCTORS HOSPITAL OF AUGUSTA, INC. ) ) ) Plaintiff, ) ) vs. ) ) GREGORY B. WATSON ) ) Defendant. ) | CIVIL ACTION<br><br>FILE NO.: 2002-RCCV-95 |

## NOTICE OF FILING REMOVAL

TO: CLERK, Superior Court of Richmond County, Georgia.

In compliance with 28 U.S.C. § 1446 (d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Southern District of Georgia, Augusta Division, copies of which are attached hereto.

This 14th day of March, 2002.

DREW ECKL & FARNHAM, LLP

_____
James K. Creasy
Georgia Bar No. 194862

Attorneys for Defendant

880 West Peachtree Street
P.O. Box 7600
Atlanta, Georgia 30357
(404) 885-1400

## CERTIFICATE OF SERVICE

I have served this Notice of Filing Removal upon all parties by U.S. Mail, proper postage prepaid, and addressed as follows:

> N. Kenneth Daniel, Esq.
> 2907 Professional Parkway
> Augusta, Georgia 30907

This 14th day of March, 2002.

James K. Creasy
Georgia Bar No. 194862

Attorneys for Defendant

DREW ECKL & FARNHAM, LLP
880 West Peachtree Street
P.O. Box 7600
Atlanta, Georgia 30357
(404) 885-1400

739554/1
7597.51270